

PERI & STEWART
ATTORNEYS AT LAW, LLC

February 10, 2021

**VIA ECF**

Hon. Edgardo Ramos, USDJ
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: <u>Star Magic, Inc. v. Tangle, Inc., Zawitz and Alioto</u>
     Civil Action No. 1:20-civ-00917 (ER)

Dear Judge Ramos:

  I am local counsel for Defendants, Tangle, Inc., Messrs. Zawitz and Ms. Alioto (collectively referred to herein as "Tangle") in the above-captioned matter. I am writing to request a pre-motion conference pursuant to Your Honor's Individual Rule 2Aii for civil cases. This matter arises out of a case initially filed in the Supreme Court of the State of New York, County of New York (the "State Court Action"). The State Court Action was removed to this Court on February 3, 2021. Tangle's response to the complaint is due on February 10, 2021. Tangle requests a pre-motion conference to respond to the complaint by filing a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(3), or in the alternative, transfer the instant matter pursuant to 28 U.S.C. § 1404 to the US District Court for the Northern District of California. California Counsel for defendants (Loesch, Ehrlich & Meyer)[1] attempted to reach counsel for plaintiff by telephone and email to obtain Star Magic's position with respect to the proposed motion and an

---

[1] A motion for admission of Joseph J. Ehrlich, Esq. *pro hac vice* has been submitted to the Court for disposition.

NJ OFFICES, 271 ROUTE 46 WEST, UNIT C201, FAIRFIELD, NJ 07004  TEL. 973.521.7426  FAX 973.521.7854
NY OFFICES, 450 LEXINGTON AVENUE, NEW YORK, NY 10017
FL OFFICES, 1 SE THIRD AVENUE, MIAMI, FL 33131 (IMMIGRATION PRACTICE ONLY)

Hon. Edgardo Ramos, USDJ
February 10, 2021
Page 2

adjournment of the time within which to respond to the instant complaint. As of the time that this letter is filed, counsel for plaintiff has not responded.

<u>Summary of Facts Related to Motion</u>

Star Magic has purchased Tangle Products since 1982. Initially, Star Magic sold Tangle products at Star Magic's physical retail stores, including a store in San Francisco. More recently, Star Magic sold Tangle Products on its website and at the Amazon.com online marketplace.

Tangle was always headquartered in California, with sales, warehouse, and distribution facilities solely located in California. Tangle ships products to customers in New York but does not have warehouse or distribution facilities in New York. Star Magic always issued its purchase orders to Tangle's address in California.

Starting in 2017, Tangle contracted with a third-party company, Zuru, to exclusively promote and sell Tangle Products online with Star Magic being the sole exception. In 2019, Tangle determined it would directly sell products at Amazon.com and found Star Magic was creating problems with Amazon brand listing and pages. Star Magic mislabeled products, misused Tangle's name, and misused Tangle UPCs. Tangle took steps to protect its brand image and maintain accurate product listings.

Tangle eventually decided to stop selling Tangle Products to Star Magic for resale online. Unhappy with Tangle's decision to stop selling to Star Magic, Star Magic repeatedly reached out to Tangle to continue to buy Tangle Products. In August 2020, Star Magic suggested it would buy $200,000 in Tangle Products. And, if Tangle did not sell to Star Magic, Star Magic threatened it would sell identical looking products with a "Star Magic" label, which it did. When Tangle discovered Star Magic was selling its infringing products on Amazon.com, Tangle filed suit

Hon. Edgardo Ramos, USDJ
February 10, 2021
Page 3

against Star Magic in California on October 13, 2020 in the US District Court for the Northern District of California, bearing the Case No. 20-cv-007121. After Star Magic received an extension of time to respond to Tangle's preexisting suit in California representing that Star Magic's owner was unavailable and in Florida, Star Magic filed the State Court Action on December 24, 2020.

## The Complaints

The preexisting complaint filed in the US District Court for the Northern District of California seeks relief against Star Magic based upon the six-count complaint which alleges violations of trademark law, Lanham Act violations, intentional interference with prospective economic advantage, and unfair competition. In the State Court Action, Star Magic alleges breach of contract set forth in varying counts. Star Magic alleges Tangle's employees—Defendants Richard Zawitz, Nicholas Zawitz, and Joclynn Alioto—are liable for tortious interference and breach of fiduciary duty. Star Magic alleges these employees "authorized, directed, and actively and personally" participated in conduct that breached Tangle's duties. The individual defendants do not reside in New York and none of their alleged conduct took place in New York. The individual defendants did not sell any products to Star Magic or have any contracts with Star Magic.

Respectfully submitted,
**PERI & STEWART, LLC**

Michael T. Stewart

cc: Joseph J. Erhlich, Esq. (via email)
Justin E. Proper, Esqs. (via ECF and email)