

**Justin E. Proper**

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 215.864.7165 | Fax 215.399.9620
properj@whiteandwilliams.com | whiteandwilliams.com

February 25, 2021

**Via ECF**

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

RE:   Star Magic, Inc. v. Tangle, Inc., et al., No. 20-cv-00917

Dear Judge Ramos:

I represent plaintiff Star Magic, Inc. ("Star Magic") in the above-noted matter, and write to respond to the February 10, 2021 letter from counsel for defendants Tangle, Inc., Richard X. Zawitz, Nicholas Zawitz, and Joclyn Alioto in which they requested a pre-motion conference to seek leave to file a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure.  For the reasons that follow, Star Magic respectfully submits that Defendants' request to file their Motion to Dismiss should be denied.

Overview of the California Action

On October 13, 2020, Tangle and Richard Zawitz commenced a lawsuit in the Northern District of California against "Star Magic" and Shlomo Ayal (the "California Action").  Unlike the present action, the California Action is limited to claims arising out of allegations that that Star Magic and Ayal violated federal trademark laws by and through Star Magic's listings on Amazon.com which offered genuine Tangle products for sale, and that they further infringed Mr. Zawitz's alleged copyrights by selling a product similar to that offered for sale by Tangle.  In short, the California Action involves alleged trademark and copyright infringement which has nothing to do with the pure contract-based claims at issue in this action and which are detailed below.  Star Magic and Mr. Ayal vigorously dispute each of those claims on both factual and legal grounds.

On January 13, 2021, Star Magic and Mr. Ayal filed a Motion to Dismiss the California Action pursuant to Fed. R. Civ. P. 12(b)(2) on grounds that the California court does not have personal jurisdiction over them.  That motion is fully briefed and is scheduled for argument on February 25, 2021 before Magistrate Judge Donna M. Ryu.

Honorable Edgardo Ramos
February 25, 2021
Page 2

Overview of the New York Action

On December 24, 2020, we commenced this lawsuit against Defendants in the Supreme Court of New York (the "New York Action"). In the New York Action, Star Magic asserts claims against Defendants for breach of contract and related business tort claims (the "New York Action"). These claims have nothing to do with the trademark and copyright infringement issues presented in the California Action; rather, they involve Defendants' failure to honor their contractual obligations to Plaintiffs. These claims were properly brought in New York because arise out of Tangle's longstanding business relationship with a New York based company.

Specifically, over the last 35+ years, and on numerous occasions, Mr. Ayal and other representatives of Star Magic met in-person with Richard Zawitz, his son Nicholas Zawitz, and other Tangle representatives in New York to discuss and negotiate the terms of their agreements and other business arrangements between Star Magic and Tangle. These meetings occurred exclusively in New York at the Jacob K. Javits Convention Center during the annual North American International Toy Fair, including as recently as in February 2019. No meetings between Tangle and Star Magic has ever been conducted outside of New York City.

Moreover, Tangle has sold various Tangle products to Star Magic for decades. Star Magic sold Tangle products in its four brick-and-mortar stores in New York.[1] However, since the early 2000s when Star Magic closed the last of its brick-and-mortar stores, it sold Tangle products and other goods exclusively online, including on Amazon.com. Star Magic conducts all of its business from its offices in New York, NY and/or its warehouse in New York, NY.

In 2017, Tangle entered into an exclusive global licensing agreement with an international company doing business as Zuru, pursuant to which Zuru was granted control over the distribution of all Tangle products. As a result of that agreement, Richard Zawitz advised Star Magic that, moving forward, it must agree to sell all Tangle products at or above a set Minimum Advertising Price ("MAP") that represented a 33% price increase. In exchange for Star Magic's agreement, Mr. Zawitz represented that he would secure from Zuru permission for Star Magic to continue to sell Tangle products on Amazon notwithstanding Zuru's exclusivity agreement. Under the arrangement proposed by Tangle, Star Magic would be the sole authorized seller of Tangle products on Amazon for as long as Tangle products were sold on that site. Tangle's proposal reflected its recognition that Star Magic was the longest retailer of Tangle products and also had more than twenty years of experience in selling Tangle products online. Star Magic agreed to Tangle's proposal.

Thereafter, Star Magic continued to purchase products from Tangle and sold those products through Amazon to buyers in New York and throughout the United States at the MAP established by Tangle. In reliance on the opportunity presented by the sole authorized seller agreement, Star Magic devoted considerable time and resources to develop and implement a strategy designed to increase the market visibility of Tangle products and the Tangle brand on

---

[1] Outside of New York, Star Magic had a store in San Francisco which was closed twenty-three (23) years ago.

Amazon and online.  Among other things, Star Magic leveraged its favorable reputation and name recognition as a longstanding seller on Amazon to increase Tangle's online exposure.  Star Magic also utilized its other client relationships to implement a cross-selling strategy that increased the sale of Tangle products on Amazon.  Indeed, Tangle's sales on Amazon increased dramatically as a result of Star Magic's efforts.

At Richard Zawitz's request, Star Magic agreed to police Amazon listings and report to Tangle any unauthorized sellers and listings for the sale of Tangle products under the MAP.  This was important to protect Tangle's contract with Zuru.  In November, 2018, Star Magic alerted Tangle that CBR Adventure was selling Tangle products on Amazon in contravention of Star Magic's sole authorized seller agreement with Tangle and below the MAP.  Star Magic requested that Tangle take immediate action to address CBR's unauthorized conduct.  Despite Star Magic's repeated requests to Richard Zawitz, Nicholas Zawitz, and Joclyn Alioto,[2] Tangle did not intervene to stop CBR from selling Tangle products on Amazon and instead continued to sell Tangle products to CBR despite knowing that the products were being sold, and would continue to be sold, on Amazon in violation of Star Magic's sole authorized seller agreement with Tangle.  By way of example, although Richard Zawitz and Joclyn Alioto assured Star Magic in late 2018 that its outstanding (but delayed) orders for Tangle products would be filled by existing Tangle inventory, Tangle diverted those products to CBR.  As a result, Star Magic was unable to fill orders for the 2018 holiday season, causing Star Magic to sustain financial harm and money damages.  Later, in 2019, Tangle flatly refused to fill purchase orders presented by Star Magic for Tangle products, causing further financial harm and damages to Star Magic.  Tangle's refusal to sell products to Star Magic was driven by its unilateral decision to begin selling Tangle products directly on Amazon, notwithstanding the sole authorized seller agreement, and despite that Star Magic advanced over $100,000 to Tangle in early 2019 – to help Tangle at a time of financial distress – which was to be credited against future orders for Tangle product.

As set forth in more detail in Star Magic's Complaint, Tangle's conduct was in breach of its obligations to Star Magic under the terms of the sole authorized seller agreement.  Richard Zawitz, Nicholas Zawitz, and Joclyn Alioto individually and/or collectively tortuously interfered with Star Magic's prospective contractual relationships with its customers on Amazon by, among other things, (a) improperly authorizing and facilitating the sale of Tangle products on Amazon by CBR and other vendors below the MAP; (b) diverting Tangle products to CBR and other vendors, and otherwise refusing to fill Star Magic's purchase orders; (c) misappropriating Star Magic's customer relationships and directly marketing and selling Tangle products to customers on Amazon.  These actions rendered it impossible for Star Magic to fill customer orders and meet customer demands for the purchase of Tangle products through Star Magic on Amazon.  These actions by the individual Defendants also resulted in Tangle's breach of its fiduciary duties to Star Magic.

---

[2] Richard Zawitz is the owner of Tangle, and also individually owns copyrights associated with Tangle products.  Richard's son, defendant Nicholas Zawitz, is and at all times relevant was the Vice President and Chief Financial Officer of Tangle.  Joclyn Alioto is and at all times relevant was the Director of Operations for Tangle.

On January 6, 2021, each Defendant was served by personal service effectuated at Tangle's offices located at 310 Littlefield Avenue, South San Francisco, CA 94080.  Defendants removed the New York Action to this Court on February 3, 2021.

Procedural History Relative to Defendants' Request for a Pre-Motion Conference

On the evening of February 8, 2021, counsel for Defendants (Mr. Ehrlich) called and left a voicemail message for my colleague, Vincent N. Barbera, Esquire,[3] in which he requested an extension of time to file a motion to dismiss Star Magic's complaint "and possibly another motion" in the New York Action on behalf of Defendants.  Mr. Ehrlich explained in his message that Defendants requested a continuance until after Star Magic's pending motion to dismiss the California Action was decided, on grounds that the disposition of that motion would render moot the need to file a motion to dismiss in the New York Action.  Mr. Ehrlich did not, however, specify the grounds for Defendants' motion in his voicemail message and neither I nor Mr. Barbera received any e-mail correspondence relating to Defendants' request.

Before Mr. Barbera or I had an opportunity to return Mr. Ehrlich's call, I received the February 10, 2021 letter.  Thereafter, Mr. Barbera contacted counsel for Defendants and, among other things, offered to confer about the substance of the motion(s) contemplated by Defendants.  Mr. Barbera had a brief telephone discussion with Messrs. Stewart and Ehrlich later that day.  During that call, Mr. Ehrlich generally explained that the grounds for Defendants' motion(s) centered on their position that (a) the claims in the California Action and New York Action involve common facts; (b) the individual defendants in the New York Action had no personal dealings with Star Magic and acted only in their capacities as employees of Tangle; and (c) California was a more convenient forum for the resolution of the parties' competing claims.

Summary of Argument in Opposition to Defendants' Motion to Dismiss

The factual and legal grounds for the motion to dismiss that Defendants seek leave to file were only broadly described during the short telephone conference between counsel on February 10, 2021, and are not set forth in detail in Defendants' February 10, 2021 letter to the Court.  Defendants' failure to more fully develop the factual and legal grounds on which their motion will be based hamstrings Star Magic's ability to present a full and complete response.  It appears, however, that the Individual Defendants (i.e., Richard Zawitz, Nicholas Zawitz, and Joclyn Alioto) intend to move to dismiss Star Magic's complaint against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Defendants also suggest that they intend to move the Court to dismiss this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, to transfer this action to the Northern District of California.

---

[3] A motion seeking permission for Mr. Barbera to appear *pro hac vice* in this action as additional counsel for Star Magic will be filed forthwith and in advance of the Pre-Motion Conference on March 4, 2021.

Honorable Edgardo Ramos
February 25, 2021
Page 5

*The Individual Defendants are Subject to the Personal Jurisdiction of this Court.*

The Individual Defendants' Rule 12(b)(2) motion to dismiss centers on their assertions that (a) the Individual Defendants do not reside in New York; (b) none of the Individual Defendants' alleged misconduct took place in New York; and (c) none of the Individual Defendants transacted business or had dealings with Star Magic in their individual capacities. *See* Defendants' February 10, 2021 Letter, at p. 2. Their argument fails.

Star Magic, as plaintiff in this action, bears the burden of showing that this Court has jurisdiction over the Individual Defendants. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). However, in the absence of discovery, Star Magic is required only to make a *prima facie* showing of jurisdiction by "pleading in good faith legally sufficient allegations of jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). Because this Court's subject matter jurisdiction over this action is premised on diversity jurisdiction, the law of the forum state (i.e., New York) applies with respect to the exercise of personal jurisdiction over the Individual Defendants.

New York's long-arm statute, N.Y. C.P.L.R. § 302(a), sets forth specific instances under which specific personal jurisdiction may be exercised over any non-domiciliary defendants. In relevant part, CLPR 302(a) provides:

> [A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state;
>
> . . . or
>
> 3. commits a tortious act without the state causing injury to a person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;

N.Y. CPLR § 302(a).

Germane to the present dispute, both the New York Court of Appeals and the Second Circuit recognize that CPLR 302 allows for the exercise of specific personal jurisdiction over individuals for conduct performed in his or her corporate capacity. *See Retail Software Servs.,*

26651262v.1

*Inv. v. Lashlee*, 854 F.2d 18, 22 (2d Cir. 1988) (corporate office acting in corporate capacity was subject to New York's personal jurisdiction under CPLR 302) (citing *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 470 (1988)).  Thus, New York courts expressly reject the so-called "fiduciary shield" doctrine, which would otherwise insulate individuals acting in their corporate capacities from the exercise of personal jurisdiction over them. *See Kreutter*, 71 N.Y.2d at 470 ("Turning then to the interpretation of CPLR 302, we determine that it is neither necessary nor desirable to adopt the fiduciary shield doctrine in New York.")  This Court recently explained that in order to establish personal jurisdiction over an individual for conduct performed in a corporate capacity, the plaintiff must establish that the individual engaged in conduct subject to CPLR 302 with the corporation's knowledge and consent and subject to the corporation's control.  *See Wallace Church & Co. v. WyattZier, LLC*, 2020 WL 4369850, 2020 U.S. Dist. LEXIS 135529 * 19 (S.D.N.Y. July 30, 2020).

Here, Star Magic alleged facts sufficient to support this Court's exercise of specific jurisdiction over the Individual Defendants under CPLR 302(a)(1) and/or CPLR 302(a)(3).  Defendants do not, and cannot credibly, dispute that this Court's exercise of specific jurisdiction over Tangle is proper respecting Star Magic's breach of contract action.  Tangle entered into the sole authorized seller agreement with Star Magic, and sold Tangle products to Star Magic in New York for years.  Richard Zawitz was the primary actor in negotiating and consummating the sole authorized seller agreement with Star Magic on behalf of Tangle, which he inarguably did with Tangle's knowledge and consent.  This Court's exercise of specific personal jurisdiction over Richard Zawitz is proper under CPLR 302(a)(1). *See WyattZier*, 2020 U.S. Dist. LEXIS 135529 at *21-22 (concluding that the exercise of specific jurisdiction over individuals who were the primary actors in negotiating the underlying contract in dispute was proper under CPLR 302(a)(1)).  Specific personal jurisdiction over Richard Zawitz and over Nicholas Zawitz, Joclyn Alioto is also appropriately exercised by this Court under CPLR 302(a)(3), because each is alleged to have "committed tortious act[s] without the state causing injury to [Star Magic] within the state" on behalf of Tangle.  CPLR 302(a)(3).  Star Magic sufficiently alleged the commission of tortious conduct by each of the Individual Defendants in their corporate capacities for Tangle that was designed to, and/or which ultimately did, breach fiduciary duties owed by Tangle to Star Magic and interfered with Star Magic's prospective contractual relations with prospective customers.  Those actions first caused harm and injury to Star Magic and its business interests in New York and were taken with the expectation that they would harm Star Magic business interests in New York.

*Venue is Appropriate in this Court Based on the Allegations in Star Magic's Complaint.*

Defendants also seek leave to move to dismiss Star Magic's complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.  Although Defendants' arguments are undeveloped, it is plain from the allegations in Star Magic's Complaint that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).  Section 1391(b)(2) provides, in pertinent part, "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

Honorable Edgardo Ramos
February 25, 2021
Page 7

Here, as described above and set forth in greater detail in Star Magic's Complaint, each of its claims arise out of actions that occurred within this district.  The sole authorized seller agreement related to the conduct of Star Magic's business in New York, NY and Tangle's breaches of that agreement occurred in this District in so far as their breaches caused Star Magic to sustain harm and damages here.  The tortious conduct of the Individual Defendants interfered with Star Magic's prospective contractual relations with customers.  Absent the Individual Defendants' interference, the contractual relationships would have been consummated between Star Magic and the customers in New York, NY where Star Magic receives, processes, and fills orders.  Similarly, the unlawful conduct of the Individual Defendants constituted a breach of Tangle's fiduciary duties owed to Star Magic in New York, NY.

*This Action should not be Transferred to the Northern District of California*

Under 28 U.S.C. § 1404, a court may transfer any civil action to another district where the case might have been brought if the transfer serves the convenience of the parties and witnesses and is in the interests of justice.  *See* 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  The decision whether to transfer venue rests within the sound discretion of this Court. *See Air-Flo M.G. Co. v. Louis Berkman Co.*, 933 F.Supp. 229, 233 (W.D.N.Y. 1996) (citing *Olinick & Sons v. Dempster Bros.*, 365 F.2d 439 (2d Cir. 1966), *Brierwood Shoe Corp. v. Sears, Roebuck & Co.*, 479 F.Supp. 563, 565 (S.D.N.Y. 1979)).  Moreover, "Plaintiff's choice of forum should not be change lightly and should be accorded substantial weight . . . That is particularly so when the plaintiff resides in the judicial district where the suit was filed."  *Id.* (citations omitted); *See also Warrick v. General Elec. Co.*, 70 F.3d 736, 741 (2d Cir. 1995).

Here, Defendants have not proffered any grounds sufficient to override the substantial weight to be accorded Star Magic's choice of venue in this Court and transfer Star Magic's action to the Northern District of California.  It would appear that Defendants' principal argument in favor of transfer is the pendency of Tangle's and Zawitz's action against Star Magic and Mr. Ayal there, where the parties' actions might be consolidated.  However, as noted above, the California Action is presently subject to dismissal in its entirety because the California court lacks personal jurisdiction over Star Magic and Mr. Ayal.  On balance, Defendants' alternative motion to transfer this action to the Northern District of California should not be entertained by this Court.

Respectfully submitted,

WHITE AND WILLIAMS LLP

*/s/ Justin Proper*

Justin E. Proper

cc:   Michael T. Stewart, Esquire
      Joseph J. Ehrlich, Esquire
      Vincent N. Barbera, Esquire