

**MEMO ENDORSED**

The pre-motion conference is now scheduled for April 29, 2021 at 11:30 a.m.  The parties are directed to call (877) 411-9748 at that time and enter access code 3029857, followed by the pound (#) sign when prompted.

So ordered.

_____

Edgardo Ramos, U.S.D.J
Dated: __4/28/2021_____
New York, New York

**Justin E. Proper**

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 215.864.7165 | Fax 215.399.9620
properj@whiteandwilliams.com | whiteandwilliams.com

April 6, 2021

**Via ECF**

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

RE:   <u>Star Magic, Inc. v. Tangle, Inc., et al., No. 20-cv-00917</u>

Dear Judge Ramos:

We represent plaintiff Star Magic, Inc. ("Star Magic") in the above-noted matter.  I write pursuant to Your Honor's Individual Practices to request (1) a pre-motion conference for the purpose of requesting leave to file a motion to withdraw as counsel for Star Magic, and (2) an extension of time in which for Star Magic to respond to Defendants' pending Motion to Dismiss (Doc. 15).

<u>Request for Pre-Motion Conference</u>

In accordance with paragraph 2. A. ii. of Your Honor's Individual Practices relating to Civil Cases, the undersigned requests a pre-motion conference for the purpose of seeking leave to file a Motion to Withdraw as Counsel for Star Magic.  The grounds for that Motion, which will be set forth in greater detail in a formal motion and supporting Declaration of counsel should the Court permit, are non-payment of fees and divergent/irreconcilable views regarding the litigation strategy employed in this action.

Under Local Rule 1.4, an order permitted withdrawal of counsel may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal."  New York State Rule of Professional Conduct 1.16(c)(5) permits withdrawal when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."  Moreover, New York Rule of Professional Conduct 1.16(c)(7) permits withdrawal when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult."  Courts in this Circuit have permitted counsel to withdraw when the client "either 'deliberately disregarded' financial obligations or failed to cooperate with counsel."  *U.S. v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990)).  This Court has repeatedly found that a failure to pay legal fees is a legitimate ground for granting a motion to

Honorable Edgardo Ramos
April 6, 2021
Page 2

withdraw as counsel. *See, e.g., Fischer v. Biman Bangladesh Airlines*, 96 Civ. 3120, 1997 U.S. Dist. LEXIS 10405 at *2 (S.D.N.Y. July 16, 1997) ("It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw…").

Here, Star Magic (acting through its principal, Shlomo Ayal) has failed to pay its legal bills due and owing to White and Williams LLP despite repeated requests by counsel.  White and Williams LLP has offered to discount the outstanding invoices as well as all future invoices in an effort to resolve this matter and continue its representation of Star Magic.  White and Williams LLP, through the undersigned counsel as well as others, advised Star Magic that the firm would be constrained to withdraw from representation if the non-payment continued.  Star Magic was further advised of the likely consequences should this occur.

Despite these efforts, Star Magic has failed and refused to pay White and Williams LLP's outstanding bills, other than through the application of a retainer which Star Magic agreed in its engagement letter would be held in escrow as security for payment of White and Williams LLP's bills and only applied if Star Magic's payment history warrants application.  Unfortunately, in view of Star Magic's actions to date, there is no reasonable likelihood that Star Magic will voluntarily pay any of the outstanding invoices or any future invoices.  Accordingly, White and Williams LLP respectfully requests leave to withdraw on this basis alone.

We also request leave to withdraw as counsel for the additional permissible reason that Star Magic has failed to "cooperate in the representation or otherwise renders the representation unreasonably difficult."  *See* N.Y. Rule of Professional Conduct 1.16(c)(7).  This Court routinely grants motions to withdraw on the basis of irreconcilable conflict. *See, e.g., Bijar Karimian v. Time Equities, Inc.*, 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916 at *4 (S.D.N.Y. May 11, 2011) ("The existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.") (quoting *U.S. v. Lawrence Aviation Industries*, No. 06 CV 4818, 2011 U.S. Dist. LEXIS 13777 at *1 (E.D.N.Y. Feb. 11, 2011)).

Star Magic has expressed disagreement with White and Williams LLP's litigation strategy both substantively and in scope.  This irreconcilable divergence of views makes our continued representation of Star Magic in this action unreasonably difficult and untenable.  Accordingly, White and Williams LLP requests leave to withdraw as counsel for this additional, independent reason as well.

We expressed our intention to move this Court for leave to withdraw as counsel for the reasons set forth herein to counsel for Tangle (Joseph Ehrlich, Esquire) on April 5, 2021.  Counsel for Tangle represented that they do not intend to oppose White and Williams LLP's motion.

Request for Extension of Time for Star Magic to Respond to Defendants' Motion to Dismiss

In light of the above request, and in accordance with paragraph 1. E. of Your Honor's Individual Practices, the undersigned also requests an extension of time for Star Magic to respond to Defendants' pending Motion to Dismiss (Doc. 15).  Defendants' Motion was filed on April 1, 2021.  Pursuant to the Court's briefing schedule (*see* Minute Entry for Pre-Motion Conference

26862097v.1

Honorable Edgardo Ramos
April 6, 2021
Page 3


held on 3/11/2021 by telephone), Star Magic's response to Defendants' Motion is due on or before April 22, 2021.  Defendants' reply, if any, is due on or before April 29, 2021.  There have been no prior requests by any party for an adjournment or extension of the dates set forth in the Court's briefing schedule.

The undersigned requests an extension of the current briefing schedule deadlines so as to provide this Court time to reach a decision on White and Williams LLP's request to withdraw as counsel for Star Magic and, in the event that request is granted, to allow Star Magic a fair opportunity to endeavor to secure new counsel to prepare Star Magic's opposition to Defendants' pending Motion to Dismiss.

On April 5, 2021, we expressed to counsel for Defendants (Joseph Ehrlich, Esquire) our intention seek an extension of the briefing deadlines in light of the circumstances described herein.  Counsel for Defendants represented that Defendants do not intend to oppose this request.

Prior to writing the Court, we advised Star Magic (through its principal, Shlomo Ayal) of our intention to seek leave to file a motion to withdraw as counsel and to seek an extension of time for Star Magic to respond to Defendants' Motion to Dismiss.  We will provide a copy of this letter to Star Magic by email.

Thank you for Your Honor's consideration of these requests.


Respectfully submitted,

WHITE AND WILLIAMS LLP

Justin E. Proper

cc:    Michael T. Stewart, Esquire
       Joseph J. Ehrlich, Esquire
       Vincent N. Barbera, Esquire
       Mr. Shlomo Ayal, Star Magic, Inc. (By E-Mail)

26862097v.1