UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STAR MAGIC, INC.,

                *Plaintiff*,

v.

TANGLE, INC., RICHARD X. ZAWITZ, NICHOLAS ZAWITZ, and JOCLYNN ALIOTO,

                *Defendants*.

**ORDER**

21 Civ. 917 (ER)

Ramos, D.J.

On February 2, 2021, this action was removed from New York Supreme Court, New York County. Doc. 1. On April 1, 2021, Defendants filed a motion to stay, transfer, or dismiss for lack of jurisdiction. Doc. 15. On April 6, 2021, counsel for Plaintiff Star Magic, Inc. indicated their intention to move to withdraw as counsel due to non-payment of fees and irreconcilable views on the litigation strategy. Doc. 16. On April 27, 2021, Shlomo Ayal, President of Star Magic, responded in opposition to his counsel's motion to withdraw. Doc. 22. The Court held a hearing on the matter on April 29, 2021, after which it granted Star Magic's counsel leave to withdraw. Doc. 24. The Court gave Star Magic until June 1, 2021 to secure new counsel and respond to Defendants' pending motion to stay, transfer, or dismiss the complaint. *Id.* Star Magic did not obtain new counsel or respond to the motion by the deadline. On October 28, 2021, the Court directed Star Magic to file a status report by Friday, November 5, 2021 and warned Star Magic that failure to do so might result in sanctions including dismissal for failure to prosecute under Fed. R. Civ. P. 41(b). Doc. 26. A copy of the order was mailed to Star Magic, but the mail was returned to sender as "not known unable to forward." Star Magic has not otherwise appeared

since the April 29, 2021 conference. For the reasons set forth below, the Court now dismisses Plaintiff's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I.  **Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

II.  **Discussion**

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Star Magic has not communicated with the Court since the conference held on April 29, 2021. A delay of over five months is an adequate basis for dismissal under Rule 41(b). *See, e.g.*, *Cole v. Edwards*, No. 4 Civ. 1936 (PKC) (JCF), 2005 WL 873226, at *2 (S.D.N.Y. Apr. 8, 2005).

*Second*, Star Magic was given clear notice that failure to respond to Court orders could result in dismissal. The Court warned Star Magic that failure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute. Doc. 26. The order was mailed to the address on file for Star Magic and posted on ECF. Although the mail was returned to sender, the Court has not received an updated address from Star Magic and has no other way to contact them.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Because Star Magic has failed to advance his case for the last five months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Star Magic has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Plaintiff has ignored two Court orders and delayed this case for several months, there are no lesser sanctions that could remedy his failure to prosecute this case. Dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Plaintiff's case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: November 10, 2021
      New York, New York

                                                   Edgardo Ramos, U.S.D.J.